# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LAURENSAU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-65 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| LOUIS S. FOLINO, Superintendent; CRAIG HAYWOOD, CO IV; Mr. FRANK, CO III; Mr. J. MATTHEWS, CO II; JACK W. LIGHTNER, CO I; CO I JUSTIN SMITH; Mr. CRAMER, CO I; Mr. FLEMMINGS, CO I; Mr. McGRANE, CO I; FERNANDO NUNEZ, Hearing Examiner; Mr. A. MEGA; Mr. PLUCK, CO I; and Mr. YOURKINS, CO II, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Re: ECF No. [31]. |

## **MEMORANDUM ORDER**

Joseph Laurensau ("Plaintiff") is a state prisoner, who initiated this civil rights action in January, 2010. ECF No. [1]. In his complaint, Plaintiff complains about alleged conditions at SCI-Greene, occurring between July 15, 2006, and January 19, 2009. ECF No. [5] at 3, ¶ IV.A. On February 17, 2011, Plaintiff filed a motion for Temporary Restraining Order ("TRO") concerning alleged wrongdoing by Defendants at SCI-Greene. ECF No. [31]. On the same date, he also filed a notice of a change of address, indicating that, on December 16, 2010, he was transferred out of SCI-Greene into SCI-Graterford. ECF No. [32].

The court ordered Defendants to file a response to the TRO motion, thereby treating the TRO motion as a motion for preliminary injunction.[1] Defendants filed a response, arguing, *inter*

---

[1] Pursuant to Fed.R.Civ.P. 65, a court may under certain limited conditions "issue a temporary restraining order without written or oral notice to the adverse party or its
(. . . footnote continued on next page)

*alia*, that Plaintiff's transfer mooted his request for injunctive relief. ECF No. [33]. Defendants are correct.

The "rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). Where a plaintiff seeks injunctive relief for prison conditions to which he is no longer subject, there is no longer a live controversy and a court cannot grant that injunctive relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993). See also Chapdelaine v. Keller, No. 95-CV-1126, 1998 WL 357350, at *4 (N.D.N.Y. April 16, 1998). Because Plaintiff has been transferred out of SCI-Greene and is no longer subject to the control of the Defendants, all of whom are employed at SCI-Greene, his request for injunctive relief is moot.

Accordingly, the following order is entered:

**AND NOW**, this 23rd, day of March, 2011, Plaintiff's motion for TRO, treated as a motion for preliminary injunction, is hereby **DENIED** as moot.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:

JOSEPH LAURENSAU
DS-8331
SCI Graterford
Box 244
Graterford, PA 19426

---

attorney." Fed. R.Civ. P. 65(b). A preliminary injunction, on the other hand, "may issue only on notice to the adverse party." Fed. R.Civ. P. 65(a).