# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOSEPH LAURENSAU, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 10-65 |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| LOUIS S. FOLINO, Superintendent; CRAIG HAYWOOD, CO IV; Mr. FRANK, CO III; Mr. J. MATTHEWS, CO II; JACK W. LIGHTNER, CO I; CO I JUSTIN SMITH; Mr. CRAMER, CO I; Mr. FLEMMINGS, CO I; Mr. McGRANE, CO I; FERNANDO NUNEZ, Hearing Examiner; Mr. A. MEGA; Mr. PLUCK, CO I; and Mr. YOURKINS, CO II, | ) | |
| Defendants. | ) | Re: ECF No. [9] |

## MEMORANDUM OPINION AND ORDER

Joseph Laurensau ("Plaintiff") is a prisoner of the Commonwealth of Pennsylvania ("State"), who initiated this civil rights action in January, 2010. ECF No. [1]. In his Complaint, Plaintiff complained about alleged conditions at SCI-Greene, occurring between July 15, 2006, and January 19, 2009. ECF No. [5] at 3, ¶ IV.A. Defendants, all of whom worked at SCI-Greene, have filed a partial Motion to Dismiss, which is granted in part and denied in part.

First, Plaintiff's claims arising before August 13, 2007 are time-barred and must be dismissed. Second, Plaintiff's claims arising out of filing of false misconduct reports against Plaintiff fail to state an Eighth Amendment or due process claim, and therefore, are also dismissed. Third, the denial of Plaintiff's grievances is not sufficient "personal participation in the alleged violation of Plaintiff's rights," and so, claims arising out of Defendants' roles in the grievance process are dismissed. Hence, Defendants' partial Motion to Dismiss will be granted as to these three sets of claims.

Fourth, Plaintiff's putative Fourth Amendment and Sixth Amendment claims will be dismissed *sua sponte* pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA") for failure to state a claim, as will his Fourteenth Amendment procedural due process claims regarding the Defendants' treatment of his property. Any Fourth Amendment claims of search and seizure of Plaintiff's property simply fail to state a claim because Plaintiff possesses no Fourth Amendment right to not have his property searched or seized. To the extent Plaintiff complains of a Fourth Amendment violation of his right to not have his person strip searched, any such claim is time barred. Because the Sixth Amendment applies solely to criminal proceedings, and Plaintiff's Complaint does not concern any criminal proceedings, any Sixth Amendment claims must be dismissed for failure to state a claim. The Fourteenth Amendment procedural due process claims regarding Plaintiff's property fail to state a claim because there are adequate post-deprivation remedies provided by the State.

However, the Motion to Dismiss with regard to the remaining claim arising out of Defendant Nunez's alleged deprivation of Plaintiff's procedural due process rights in the conduct of Plaintiff's disciplinary hearings is denied for the reasons set forth below.

## A. **Relevant Procedural History**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The operative Complaint is ECF No. [5]. Defendants filed a partial Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), ECF No. [9], at 1,¶ 2, and a Brief in Support. ECF No. [10]. Plaintiff filed a response, ECF No. [28] and a Brief in Opposition. ECF No. [29]. Defendants, with leave of court, filed a Reply. ECF No. [30]. All parties have consented to the exercise of plenary jurisdiction by the Magistrate Judge. ECF Nos. [6] & [13].

## B. Applicable Legal Standard

As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by*, 275 F.3d 1187 (9th Cir. 2001). Nor must a court accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). A court also need not accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell

3

Atlantic Corp. v. Twombly, 550 U.S. at 555. Put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In addition, because Plaintiff is a prisoner proceeding IFP, who seeks redress from a governmental entity or an employee of a governmental entity, and who has filed a civil action concerning the conditions of confinement, the screening provisions of 28 U.S.C. §§ 1915(e) and 1915A and 28 U.S.C. § 1997e(c) apply. Pursuant to these screening provisions, a court is obliged to *sua sponte* dismiss complaints that are frivolous, malicious or that fail to state a claim upon which relief can be granted. Moreover, if there is a ground for dismissal, which was not relied upon by a defendant in a motion to dismiss, or, if a defendant did not even file a motion to dismiss, the court may nonetheless dismiss the case or claim *sua sponte*, pursuant to the screening provisions of the PLRA. See Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), *aff'd*, 264 F.App'x 183 (3d Cir. 2008).

**Discussion**

1. Statute of Limitations

Defendants first raise the statute of limitations, pointing out that because Plaintiff filed his complaint no earlier than January 12, 2010, pursuant to the prisoner mail-box rule,[1] any

---

[1] The "prisoner mail box rule" provides that a *pro se* prisoner's complaint is "deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (dealing with habeas petitions); Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (applying rule to civil rights complaint). In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing, the court may deem, for purposes of applying the prisoner mail box rule, the complaint to have been filed on the date Plaintiff signed his IFP application and/or complaint. Cromwell v. Keane, 27 F.App'x 13, 14 (2d Cir. 2001) ("In the absence of other evidence regarding the date on which (cont.)

4

claims arising prior to January 12, 2008, are time-barred. ECF No. [10] at 3 to 5. Defendants correctly assert that all claims against Defendants Lightner, Matthews, and Frank should be dismissed because the allegations of the Complaint, as to each of them, concern only actions taken in July, 2006. Id. at 4. Similarly, those claims against Defendants Smith and Cramer, which relate to the same events of July, 2006, are also time-barred, and the Motion to Dismiss as to each of the claims is granted.[2]

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983.[3] Wilson v. Garcia, 471 U.S. 261, 267 (1985), *superseded by statute as recognized in*, Kasteleba v. Judge, 325 F.App'x. 153, 156 (3d Cir. 2009). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. See Wilson. The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal

---

Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his *in forma pauperis* application. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases).").

[2] The claim against Defendant Haywood related to a grievance concerning an alleged assault that occurred on January 19, 2009, may not be time-barred but, as more fully explained below, the claim is still dismissible because the act of denying a prisoner's grievance does not demonstrate sufficient personal involvement in the violation of a prisoner's rights.

[3] Plaintiff does not explicitly mention 42 U.S.C. § 1983 in the operative Complaint. However, because he is seeking to vindicate his constitutional rights, ECF No. [5] at 3, ¶ 3, and because there is no direct cause of action under the Constitution, a liberal construction of the Complaint requires the court to assume Plaintiff is bringing a cause of action pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed between the time the cause of action accrues and the time when the limitation period runs out. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

In response to the Defendants' argument that the two year statute of limitations ran out on many of Plaintiff's claims, Plaintiff argues that he was one of the plaintiffs in a multiple prisoner-plaintiff suit, captioned Spady et al. v. Beard, No. 08-1599 (W.D. Pa.) (hereinafter, "the first lawsuit") filed on November 11, 2008.[4] That case was dismissed without prejudice to the prisoner-plaintiffs filing individual suits. Id. (ECF No. [14], order of dismissal filed on 4/13/09). It is not entirely clear what Plaintiff believes the significance of the first lawsuit to be. See ECF No. [29] at 1, ¶4 ("Wherefore [Plaintiff's] original filing [i.e., the first lawsuit] have [sic] supersede[ed] the 2 years of [sic] statute of limitation.").

Generously interpreting Plaintiff's "argument," we take Plaintiff to be asserting that the two year statute of limitations was tolled during the pendency of the first lawsuit. However, even if we assumed for the sake of argument, without deciding, that the statute of limitations was tolled during the 153 days of the pendency of the first lawsuit, the statute of limitations for claims accruing in July 2006 ran in July 2008, some four months prior to the filing of the multiple prisoner action.

Accordingly, Defendants' Motion to Dismiss Plaintiff's claims as being time-barred is

---

[4] We deem November 11, 2008 to be the filing date of the first lawsuit pursuant to the prisoner mail box rule. See ECF No. [30-1] at 3 n.1. While the complaint in the first lawsuit may have been signed November 7, 2008, the IFP application, which accompanied the complaint in the same envelope, indicates that it was not signed until November 11, 2008. Spady et al. v. Beard, No. 08-1599 (W.D. Pa. ECF No. [1] at 1). Hence, plaintiffs in the first lawsuit could not have given their complaint to the prison officials for mailing prior to November 11, 2008, which is the earliest that the complaint could be deemed to have been filed.

granted as to Defendants Lightner, Matthews, and Frank, since their liability was premised solely on their alleged actions or inactions occurring in July, 2006. The Motion to Dismiss is also granted as to the claims against Defendants Smith and Cramer for claims accruing in July, 2006.

2. Lack of Personal Involvement

Next, Defendants point out that Plaintiff seeks to hold Defendants Haywood and Folino liable solely for their roles in denying Plaintiff's grievances and this constitutes an insufficient basis for holding defendants liable under Section 1983. Defendants are correct.

Plaintiff appears to seek to hold Defendant Folino liable solely for his role in the grievance process. See, e.g., ECF No. 5 at 11, ¶ 16 ("Louis S. Folino[,] the superintendent who denies any and all grievances [and thereby] covers up schemes in the background for officials to segregate me.").[5]

The general rule in Section 1983 cases, such as this one, is that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Plaintiff seeks to hold Defendant Folino liable for his role in the grievance process, and as such, fails to state a claim upon which relief can be granted. See, e.g., Pressley v. Beard, 266 F.App'x 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Robinson v. Sobina, Civ.A. No. 09-247, 2010 WL 5418916, at *1 (W.D.Pa., Dec. 23, 2010) ("Plaintiff's

---

[5] Plaintiff also alleges that Defendant Folino "allows his untrained professionals to use divide and conquer techniques . . . ." ECF No. [ 5] at 11, ¶ 16. However, Plaintiff fails to connect such allegations to any violation of Plaintiff's federal rights. Hence, this allegation simply fails to state a federal civil rights claim that is plausible on its face.

allegations against Defendants Kennedy, Mongelluzzo, Reed and Riskus relate to their handling of and/or involvement with Plaintiff's administrative grievances, and these allegations are insufficient to establish the 'personal involvement' requirement under Section 1983."). Accordingly, Defendant Folino must be dismissed as a party defendant.[6]

Plaintiff made an allegation against Defendant Haywood, which is strikingly similar to the allegation against Defendant Folino. ECF No. 5 at 11, ¶ 14 ("Craig Haywood CO IV who denies 2 of my grievances and [thereby] covers up schemes for Matthews CO II who assaults me . . . ."). Just as with Defendant Folino, such an allegation against Defendant Haywood fails to state a claim.[7]

---

[6] In his response to the Defendants' Motion to Dismiss, Plaintiff does appear to add a new complaint against Defendant Folino. Plaintiff alleges that "Louis S. Folino[,] the superintendant [sic] who undertrained his professionals to run this corruptional [sic] not correctional facility." ECF No. [29] at 5, ¶ 15. We take this to constitute a claim against Defendant Folino for failure to train. However, a plaintiff, even a *pro se* plaintiff may not amend his complaint except by means of filing an amended complaint. Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002) ("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading."). Accord Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054"). Thus we cannot consider this added allegation against Defendant Folino. Secondly, even if we construed the claim to be included in the operative complaint, the bare allegation of Folino "undertrain[ing]" his subordinates would not be sufficient under Twombly and Iqbal, to state a claim upon which relief can be granted. See, e.g., Aruanno v. Booker, 384 F.App'x 69, 70 (3d Cir. 2010) ("Aruanno also did not state a claim for relief based on an alleged failure to train and supervise because he did not aver facts supporting the conclusion that either Lagana or Hayman was deliberately indifferent to a risk of harm.").

[7] Defendants intimate that Plaintiff seeks to hold Defendant Haywood liable solely on the basis of Defendant Haywood's participation in the grievance process. ECF No. [10] at 7. However, this is not quite accurate. Plaintiff alleged that Defendant Matthews "conspired with Haywood CO IV to cover up [an] assault [on Plaintiff] with falsified bogus misconduct report in retaliation of my pleadings to the courts." ECF No. [5] at 9, ¶ 8. Nevertheless, such a retaliation claim appears to have arisen in connection with the alleged assault on Plaintiff by Defendant Matthews, which occurred on July 26, 2006, ECF No. [5] at 7, ¶ 3, and this claimed assault is (cont.)

3. The Filing of Allegedly False Misconducts

Defendants move to dismiss Plaintiff's claim against Defendants Smith, Flemmings, Pluck and Yourkins based upon their allegedly filing false misconduct reports against Plaintiff. ECF No. [10] at 12 to 13. Defendants point out that this allegation of filing false misconduct reports fails to state a claim under the Constitution. Plaintiff offers no counter-argument in his response. Defendants are correct.

The filing of a false misconduct report does not violate the Eighth Amendment as such an act does not constitute the denial of basic human needs, such as clothing, food, shelter, medical care, or sanitation. See, e.g., Booth v. Pence, 354 F.Supp.2d 553, 559 (E.D. Pa. 2005), aff'd, 141 F.App'x 66 (3d Cir. 2005); Gravley v. Beard, CIV.A. No. 09-1326, 2010 WL 3829370, at *4 (W.D. Pa. Aug. 31, 2010), *report and recommendation adopted by*, 2010 WL 3829434 (W.D. Pa. Sept. 23, 2010). Nor does the filing of a false misconduct charge violate a prisoner's procedural or substantive due process rights. Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002) (citing with approval Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986)); Gravley v. Beard, 2010 WL 3829370 at *4; Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988) (finding that Freeman v. Rideout essentially precludes a substantive due process claim based on the mere filing of false disciplinary charges).

However, to the extent that Plaintiff is alleging that the false misconduct reports were filed in retaliation for Plaintiff engaging in protected activity, Plaintiff does state a claim. See,

---

time-barred. Any plausible claim of retaliation on the part of Defendant Haywood in connection with Haywood's conspiring with Defendant Matthews in attempting to "cover up [the July 26, 2006] assault with falsified bogus misconduct report in retaliation" would likewise be time-barred. Id. (alleging that on July 26, 2006, Matthews falsified two bogus misconduct reports in connection with the alleged assault).

e.g., Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (holding that *pro se* prisoner's allegations that he was falsely charged with misconduct in retaliation for filing a complaint against a prison officer stated claim for retaliation in violation of the First Amendment).

### 4. PLRA Screening

It appears that Plaintiff may be making a Fourteenth Amendment procedural due process claim, regarding the alleged stealing of his property. See ECF No. [5] at 7, ¶ 3 ("At said era [sic] 27 (Panty Play) Photos via mail vanish. Lightner and Smith did property inventory on 7/02/06 and 7/06/06 [and] steals [sic] my artwork, art supplies, lyrics[,] tub and ID. Most of these items are sold on a black market."); id., at 7, ¶ 4; id. at 8, ¶ 6 ("My property was thrown out on the tier and stollen [sic]."); id., at 9, ¶ 8 ("My property was thrown out on the tier and stollen [sic]"). These claims generally fail to state a procedural due process claim for the taking of property without due process because there are adequate post deprivation remedies. See, e.g., Albright v. Oliver, 510 U.S. 266, 283-84 (1994) (Kennedy, J. concurring in the judgment) ("we can assume, *arguendo*, that some of the interests granted historical protection by the common law of torts . . . are protected by the Due Process Clause. Even so, our precedents make clear that a state actor's random and unauthorized deprivation of that interest cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy."); Hudson v. Palmer, 468 U.S. 517 (1984).

The federal courts in Pennsylvania have recognized that the availability of a state tort suit in state court and/or the availability of a prison grievance procedure provide adequate post deprivation remedies so as to satisfy due process requirements under Hudson v. Palmer. See, e.g., Austin v. Lehman, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies); Rogers v. Mrs. Brown,

No. Civ. A. 95-7867, 1996 WL 608473, at *2 (E.D. Pa. Oct. 24, 1996) (tort suit in state court provides adequate post deprivation remedy for deprivation of legal papers); Payton v. Horn, 49 F. Supp.2d 791, 795 (E.D. Pa. 1999) (same), *abrogated on other grounds by*, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). The availability to Plaintiff of adequate post deprivation remedies renders him generally unable to state a procedural due process claim and he has alleged nothing to take himself outside of this general rule. Hence, Plaintiff cannot make a claim under the Fourteenth Amendment for a deprivation of property without procedural due process. Payton v. Horn, 49 F. Supp.2d at 795 ("Pennsylvania tort law offers a remedy for prison official's unlawful deprivation of an inmate's property. Therefore, Payton has failed to state a viable claim that his constitutional rights have been violated and cannot maintain a section 1983 action on this claim.") (citations omitted); Reid v. Seville, No. CIV. A. 96-2577, 1996 WL 421901, at *3 (E.D.Pa. July 19, 1996) (same). Accordingly, the procedural due process claims must be dismissed.

Plaintiff also invokes the Fourth Amendment as a basis for his suit. ECF No. [5] at 3, ¶ 3. To the extent that Plaintiff is complaining of the search and/or destruction of his property and to the extent he claims that such searches/destruction of his property violate the Fourth Amendment, Plaintiff is incorrect.

There is no doubt that the protections of the Fourth Amendment with respect to seizures of a prisoner's "effects" or property do not apply in the prison context. Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001) ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."); Jones v. Arpaio, 194 F.3d 1317 (Table), 1999 WL 731062, at *1 (9th Cir. 1999) ("Finally, there is no merit to Valandingham's contention that jail officials violated his constitutional rights when they failed to

return documents, correspondence, and postage seized following a search of his cell . . . *see* *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984) (holding that Fourth Amendment's prohibition against unreasonable seizures does not apply in prison)"). See also Hudson v. Palmer, 468 U.S. 517, 538 (O'Connor, J. concurring) ("The fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects"); Taylor v. Knapp, 871 F.2d 803 (9th Cir. 1989). Accordingly, the Fourth Amendment claim insofar as it concerns Plaintiff's property is dismissed for failure to state a claim upon which relief can be granted.

To the extent that Plaintiff is complaining of searches of his person under the Fourth Amendment, there appears to be only one allegation that implicates such a search. ECF No. [5] at 9, ¶ 7 ("On 7/26/06 . . . I was . . . carried to the strip area[,] Matthews cuts [my] clothes off."). Even if the Court assumes that some residual Fourth Amendment protections against strip searches subsists for convicted prisoners, see, e.g., Smith v. Taylor, 149 F. App'x 12 (2d Cir. 2005), there is at least one problem with Plaintiff's Fourth Amendment claim regarding any such strip search. The apparent strip search and cutting off of Plaintiff's clothes occurred on July 26, 2006, and so is time-barred and, therefore, must be dismissed.

Plaintiff also invokes the Sixth Amendment.[8] ECF No. [5] at 3, ¶ III. The guarantees of the Sixth Amendment are applicable only to "criminal prosecutions." United States v. Ward, 448 U.S. 242, 248 (1980) ("the protections provided by the Sixth Amendment are available only in

---

[8] The Sixth Amendment provides that:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

12

'criminal prosecutions.'"); Ganz v. Bensinger, 480 F.2d 88, 89 (7th Cir. 1973) (Sixth Amendment inapplicable outside the context of criminal trial). Nothing in Plaintiff's Complaint involves a criminal prosecution. The Sixth Amendment is wholly inapplicable to Plaintiff's Complaint, concerning, as it does, placement in disciplinary custody, alleged use of excessive force, alleged denial of meals and property, alleged retaliatory and false disciplinary charges, and thus, his Sixth Amendment claims must be dismissed. Plaintiff appears to be under the impression that the Sixth Amendment applies to the disciplinary charge and hearing process. ECF No. [29] at 2, ¶ 8 ("Defendant Fernando Nunez denies Plaintiff many fair hearings which violates the 1st, 6th and 14 Amendments."). Plaintiff is simply mistaken. See, e.g., United States v. Gouveia, 704 F.2d 1116, 1121 (9th Cir. 1983) (en banc) ("It is well established that prison disciplinary proceedings are not 'criminal prosecutions' as that term is used in the Sixth Amendment") (citations omitted), *rev'd on other grounds*, 467 U.S. 180 (1984).

5. Procedural Due Process Claim against Defendant Nunez

Finally, Defendants move to dismiss Plaintiff's claims against Defendant Nunez, who was the hearing officer that presided over Plaintiff's misconduct hearings. Plaintiff contends that Defendant Nunez denied him a liberty interest without procedural due process by finding him guilty of disciplinary infractions and sanctioning him to spend time in disciplinary custody, a form of punishment where prisoners have lesser privileges than when they are housed in general population.

Conducting a procedural due process analysis involves a two-step inquiry: the first question to be asked is whether the complaining party has a protected liberty or property interest within the contemplation of the Due Process clause and, if so, the second question to be asked is whether the process afforded the complaining party comported with constitutional requirements.

13

Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).

A protected liberty interest may arise from one of two sources, the Fourteenth Amendment's due process clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983), *overruled on other grounds as recognized in*, Mackey v. Dyke, 111 F.3d 460, 462 (6th Cir. 1997). There is no liberty interest created directly by the Fourteenth Amendment that requires or permits an inmate to be placed in and/or to remain in the general population of a prison. See Hewitt v. Helms; Meachum v. Fano, 427 U.S. 215, 223-227 (1976); Stephany v. Wagner, 835 F.2d 497, 499 (3d Cir. 1987) ("the Due Process Clause does not give a prisoner a liberty interest in remaining in the general prison population"). Thus, Plaintiff has no liberty interest arising directly from the Due Process clause that prevents his placement in disciplinary custody. Hence, the only other source of a liberty interest could arise from state law.

Addressing the issue of state created liberty interests, the United States Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995) held that a state government "may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483.

Defendants, focusing solely on the length of time that Plaintiff spent in disciplinary confinement, argue that Plaintiff cannot state a deprivation of a liberty interest, which is necessary in order to hold Defendant Nunez liable. Defendants contend that the total amount of time Plaintiff could possibly have spent in disciplinary custody, which is cognizable in this lawsuit (given the two year statute of limitations), is necessarily less than 930 days, a period of

time, according to Defendants, that the Court of Appeals for the Third Circuit held to be insufficient for triggering the existence of a liberty interest. ECF No. [10] at 11 to 12 (citing Young v. Beard, 227 F.App'x 138, 141 (3d Cir. 2007)). However, Defendants seemingly fail to appreciate that the length of time spent in disciplinary custody is but one factor to be considered in performing the "atypical and significant hardship" analysis for determining the existence of a state-created liberty interest. See, e.g., Cooper v. Diggs, __ F.App'x __, 2011 WL 1350717, at *2 (3d Cir. April 11, 2011) ("The length of confinement is but one of the considerations in evaluating whether the restraint imposes such hardship; '[i]n deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the disciplinary confinement *and* the conditions of that confinement in relation to other prison conditions.'") (quoting Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003) (emphasis added by the Cooper court)).

Plaintiff's allegations concerning the conditions which he allegedly experienced while housed in disciplinary custody, including assaults, and being denied meals, showers and recreation, are not addressed by Defendants in their analysis. Even Young, the case relied upon by Defendants, acknowledged the importance of the conditions present in disciplinary custody for purposes of the "atypical and significant hardship analysis." Young v. Beard, 227 F.App'x at 141 ("We have held that fifteen months in administrative custody in a Commonwealth prison does not amount to a deprivation of a cognizable liberty interest . . . and it appears from the policy statement attached to the Commonwealth's summary judgment motion that the conditions in disciplinary custody are not substantially different from those experienced by a prisoner in administrative custody. Despite having ample opportunity to do so, Young has failed to state facts or submit evidence showing that he was subject to conditions in disciplinary confinement that meet the *Sandin* standard.") (citations omitted). Because Defendants have not persuaded the

15

Court by their argument that Plaintiff necessarily fails to state a procedural due process claim against Defendant Nunez, Defendants' Motion to Dismiss the Complaint against Defendant Nunez will be denied.

Accordingly, in light of the foregoing, Defendants' partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. It is GRANTED as to all claims against Defendants Lightner, Matthews, Frank and Haywood with prejudice. All claims against Defendants Lightner, Matthews and Frank are time-barred as are the claims against Defendants Smith and Cramer which accrued in July 2006. All claims against Defendant Haywood are either time-barred or fail to state a claim because Haywood's role in denying grievances is insufficient to render him liable. It is GRANTED as to all claims that allege the mere filing of false misconduct report(s) violated Plaintiff's Eighth Amendment and/or Fourteenth Amendment procedural or substantive due process rights and such claims are dismissed with prejudice but is DENIED insofar as Plaintiff alleges that the filing of false misconducts was done in retaliation for Plaintiff's exercise of his rights, which would violate his First Amendment rights. It is GRANTED as to Defendant Folino whose only alleged wrongdoing in the complaint is his role in the grievance proceedings and Defendant Folino will be dismissed as a party defendant without prejudice. Defendants' partial Motion to Dismiss is DENIED insofar as it sought dismissal of the procedural due process claims against Defendant Nunez.

In addition, pursuant to the screening provision of the PLRA, Plaintiff's putative Fourteenth Amendment procedural due process claims, as well as the Fourth Amendment and Sixth Amendment claims are DISMISSED with prejudice.

Hence, the only remaining claims are Plaintiff's Eighth Amendment claims for use of excessive force and for cruel conditions of confinement, his procedural due process claims

against Defendant Nunez and his First Amendment retaliation claims. Defendants Lightner, Matthews, Frank, Haywood and Folino are dismissed as party defendants.

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date:

cc:

JOSEPH LAURENSAU
DS-8331
SCI Graterford
Box 244
Graterford, PA 19426

All Counsel of Record via CM-ECF